IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| TRINITY BIAS and JAIME CARDENAS, *on behalf of themselves and all similarly situated persons* <br> Plaintiffs, <br><br> v. <br><br> ELEPHANT INSURANCE COMPANY, et al., <br> Defendants. | Civil Action No. 3:22cv483 |
| CHRISTOPHER HOLMES, *on behalf of himself and all similarly situated persons*, <br> Plaintiffs, <br><br> v. <br><br> ELEPHANT INSURANCE COMPANY, et al., <br><br> Defendants. | Civil Action No. 3:22cv487 |

## **ORDER**

This matter comes before the Court on the parties' joint motions for consolidation of related actions. (Case No. 3:22cv487, ECF No. 7; Case No. 3:22cv483, ECF No. 11.) The plaintiffs, in identical memoranda in support of their motions, assert that "[b]oth cases arise out of the Elephant Data Breach, allege similar facts, and bring claims for violation of the Drivers' Privacy Protection Act ..., negligence, and negligence *per se*." (Case No. 3:22cv487, ECF No. 8, at 3; Case No. 3:22cv483, ECF No. 12, at 3.)

Federal Rule of Civil Procedure 42(a) provides: "If actions before the court involve a common question or law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a), (a)(2). District courts have broad discretion under Rule 42 to consolidate cases pending in

the same district. *R.M.S. Titanic, Inc. v. Haver*, 171 F.3d 943, 959 (4th Cir. 1999). In exercising this discretion, courts weigh "'the specific risks of prejudice and possible confusion' from consolidation" against the "'risk of inconsistent adjudications . . . , the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense . . . .'" *Campbell v. Bos. Sci. Corp.*, 882 F.3d 70, 74 (4th Cir. 2018) (first omission in original) (quoting *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982)).

Here, the Court finds that all factors favor consolidation and that consolidation presents no risk of prejudice or confusion. The Court hereby CONSOLIDATES *Trinity Bias et al. v. Elephant Insurance Company et al.* (Case No. 3:22cv483) and *Christopher Holmes v. Elephant Insurance Company et al.* (Case No. 3:21cv487), with the lead case being Case No. 3:21cv487. Hereafter, any filings should only be filed in the lead case (the "Consolidated Action"). All documents filed to date in each of the consolidated cases are deemed a part of the record in the Consolidated Action. The Court DIRECTS the plaintiffs to file a Consolidated Class Action Complaint in the Consolidated Action. The Court will ADJOURN all deadlines for filing answers or responsive pleadings by the defendants until the plaintiffs have filed a Consolidated Class Action Complaint.

It is so ORDERED.

The Clerk is directed to provide a copy to all counsel of record.

Date: 24 August 2022
Richmond, VA

/s/
John A. Gibney, Jr.
Senior United States District Judge